IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT KENAI

ATIGUN, INC., AN Alaska Corporation,

                              Plaintiff(s),

vs.

PREMIER OILFIELD EQUIPMENT COMPANY, et al.,

                              Defendant(s).

CASE NO. 3KN-12-811 CI

SUPPLEMENTAL
**SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: TIGER OILFIELD TANK COMPANY, LLC

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): 125 Trading Bay Dr., Ste. 100  Kenai, AK  99611
within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:
    Plaintiff's attorney or plaintiff (if unrepresented): Robert H. Schmidt
    Address: Landye Bennett Blumstein LLP, 701 W. 8th Ave.
    Ste. 1200  Anchorage, AK  99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm, to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

### NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

You are hereby given notice that this case has been assigned to Judge Charles T. Huguelet.

(SEAL)

_____       CLERK OF COURT
Date                                        By: _____
                                                             Deputy Clerk

* The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 (2/06)(st.3)                                                    Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI

| | |
|---|---|
| ATIGUN, INC., an Alaska Corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| PREMIER OILFIELD EQUIPMENT COMPANY, a Delaware corporation, TIGER OILFIELD TANK COMPANY, LLC, f/k/a DELTA OILFIELD TANK CO., LLC, a Colorado Limited Liability Company, HY-TECH TRUCK & TRAILER MANUFACTURING, LLC, a Colorado Limited Liability Company, and GARY HARMS, JR., | )<br>)<br>) Case No. 3KN-12-811 CI<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## SECOND AMENDED COMPLAINT

Plaintiff Atigun, Inc., by and through counsel, for its complaint against Premier Oilfield Equipment Company, Tiger Oilfield Tank Company, LLC, Hy-Tech Truck & Trailer Manufacturing, LLC, and Gary Harms, Jr., hereby alleges as follows:

### Parties

1. Atigun, Inc., is an Alaska corporation in good standing that is in all ways qualified to bring and maintain this action.

*Atigun v. Premier Oilfield Equipment Co., et al.*
Second Amended Complaint
Case No. 3KN-12-811 CI                                                                 Page 1 of 10

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

2. Tiger Oilfield Tank Company, LLC, formerly known as Delta Oilfield Tank Company, LLC, ("Tiger") is a Colorado limited liability company.

3. Hy-Tech Truck & Trailer Manufacturing, LLC ("Hy-Tech") is a Colorado limited liability company.

4. Premier Oilfield Equipment Company is a Delaware Corporation, with offices in Colorado and is a successor in interest and/or an entity related to Tiger.

5. On information and belief, Tiger, Hy-Tech, and Premier operate and share employees in such a way that they are a *de facto* single entity. They will be referred to collectively herein as "Premier."

6. Gary Harms, Jr., ("Harms") is an individual residing in Colorado. At all times relevant hereto, Harms was an officer and/or employee of Premier, Tiger, and/or Hy-Tech. All Harms' actions relevant hereto were performed in the scope and course of his employment with or as an officer of Premier, Tiger, and/or Hy-Tech.

## Jurisdiction & Venue

7. The transactions and occurrences giving rise to this lawsuit took place in Kenai, Alaska.

8. This Court has jurisdiction pursuant to AS 22.10.020 and AS 09.05.015.

9. Venue is appropriate under Civil Rule 3.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

## Factual Allegations

10. Atigun is an oilfield equipment rental company doing business in Alaska and North Dakota out of its main office in Kenai, Alaska.

11. Between 2010 and 2011, Atigun ordered and purchased from Premier 120 new tanks to be used for hydraulic fracturing ("fracking") and other oilfield uses in Alaska and North Dakota. Atigun acquired an additional sixty new tanks ordered and manufactured by Premier for use in Alaska and North Dakota via finance leasing with a third party.

12. The combined purchase and lease price paid to Premier by Atigun for these tanks was in excess of $6 million dollars.

13. Premier knew the purpose for which the tanks would be used. Premier knew the tanks would be used by Atigun for operations in Alaska and North Dakota and needed to be certified fit for service in those states.

14. Premier represented and warranted that the tanks it manufactured would meet certain industry standards, particularly welding and coating standards, and would be fit for service in Alaska and North Dakota.

15. Premier represented and warranted that the tanks would be prepared in a certain way, particularly that the tanks would have the surfaces prepared and then coated with

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

specialty coatings inside and out. The purpose of the surface preparation was so that the coating would permanently adhere to the surfaces of the tank.

16. After receipt of the tanks, they were put to work in North Dakota. Subsequently, Atigun personnel noticed rust, missing welds and other exterior indicia of lack of quality in the construction in the tanks.

17. Upon more formal inspection of the tanks, Atigun learned that the tanks do not meet the industry standards represented and warranted by Premier, either for welding, surface preparation or coatings. Atigun found missing, incomplete and improper welds and internal coatings that failed after little or no use.

18. Because of the substandard construction, the tanks are not fit for service for their purpose as fracking or oilfield tanks in Alaska or North Dakota.

19. Because of the substandard construction, the tanks will either require significant repairs or will be wholly unusable in approximately one year. Some fracking tanks have begun leaking, and as a result they have been rejected by Atigun's customers and rental agreements have been terminated.

20. Because of the substandard construction, Atigun has been damaged in the amount of the purchase price and lease price paid.

21. Because of the substandard construction, Atigun has suffered consequential and incidental damages in the amount of revenue lost from the rental of the tanks, estimated to be approximately $30 million.

### First Cause of Action
(Breach of Contract)

22. Atigun realleges and incorporates by reference paragraphs 1-21 of its complaint, as if fully set forth.

23. Premier, Tiger and Hy-Tech entered into an enforceable contract with Atigun. Premier, Tiger and Hy-Tech have breached their contract with Atigun. Atigun has suffered damages as a result.

24. Defendants breached their supply contract with Atigun's lessor. Atigun is a third-party beneficiary of the supply contract. Atigun has suffered damages as a result of Defendants' breach of the supply contract.

### Second Cause of Action
(Breach of Warranty)

25. Atigun realleges and incorporates by reference paragraphs 1-24 of its complaint, as if fully set forth.

26. Premier, Tiger and Hy-Tech have breached express warranties regarding the attributes and construction of the tanks.

27. Premier, Tiger and Hy-Tech have breached implied warranties, including the implied warranties of

merchantability and fitness for a particular purpose, regarding the tanks.

28. Atigun is a beneficiary of all representations and warranties made by Defendants on tanks Atigun leased.

29. Atigun has suffered damages because of Defendants' breach of express and implied warranties.

### Third Cause of Action
(Breach of Implied Covenant)

30. Atigun realleges and incorporates by reference paragraphs 1-29 of its complaint, as if fully set forth.

31. Premier, Tiger and Hy-Tech have breached the covenant, implied in all Alaska contracts, that they will deal fairly with the other and in good faith. In particular they have acted in a way that deprives Atigun of the benefit of its contract, and have acted in a way that a reasonable person would regard as unfair.

32. As a lessee under a finance lease, Atigun is the beneficiary of the implied covenant of good faith and fair dealing contained in the supply contract between Defendants and the lessors as to the leased tanks.

33. As a result of the breach of the covenant of good faith and fair dealing Atigun has suffered damages in an amount to be established at trial.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

### Fourth Cause of Action
(Rescission)

34. Atigun realleges and incorporates by reference paragraphs 1-33 of its complaint, as if fully set forth.

35. Atigun entered into its contract with Defendants, and with Defendants' lessor, through fraud, mistake, or other circumstances justifying rescission and an award of damages to place Atigun in the position it would be in had it not contracted with Defendants or their lessor.

### Fifth Cause of Action
(Misrepresentation)

36. Atigun realleges and incorporates by reference paragraphs 1-35 of its complaint, as if fully set forth.

37. When it supplied each of the tanks, Premier supplied a manufacturer's booklet with the tank stating among other things that their tanks were constructed in accord with certain industry specifications. They were not built to those specifications. Defendants either knew or should have known that the tanks were not built to the stated specifications. Atigun relied on these representations.

38. In the negotiations leading to Atigun acquiring the tanks, Defendant Harms and other employees of Defendants represented on several occasions that the tanks were built to certain industry specifications. The tanks were not built to these specifications. Defendant Harms knew that the tanks

would not be built to these specifications. Atigun relied on Harms's misrepresentation in deciding to acquire the tanks.

39. Harms's misrepresentations were made in the course and scope of his employment with Defendants, or in his capacity as an officer of Defendants.

40. Atigun has suffered harm as a result of Defendants' misrepresentations, including the purchase price and lease price of the tanks, and lost rentals as a result of the tanks' inability to perform.

41. Defendants' misrepresentations were outrageous and evidenced reckless indifference to the interests of Atigun.

42. At the time Defendants made misrepresentations about the tanks, Defendant expected financial gain through its representations and was aware of a likelihood of harm to Atigun.

43. Atigun is entitled to an award of punitive damages for Defendants' misrepresentations.

### Sixth Cause of Action
(Unfair Trade Practices, AS 45.50)

44. Atigun realleges and incorporates by reference paragraphs 1-43 of its complaint, as if fully set forth.

45. AS 45.50.471(a) declares unfair methods of competition, or unfair or deceptive acts or practices, to be unlawful. Among the unlawful acts are representing that goods

have characteristics they do not have, or representing that goods are of a particular standard, quality or grade if they are not. It is also an unlawful trade practice to conceal, suppress or omit material facts in connection with the sale of goods.

46. In the course of selling the tanks to Atigun and inducing Atigun to enter into a finance lease for the tanks, Defendants misrepresented the characteristics of the tanks, misrepresented the standards, quality and/or grade of the tanks, and omitted material facts regarding the tanks.

47. Atigun has suffered harm as a result of Defendants' unlawful trade practices, including the purchase price and lease price of the tanks and lost revenue from being unable to rent the tanks.

48. Under AS 45.50.531(a), Atigun is entitled to an award of three times its actual damages for Defendants' unlawful trade practices.

WHEREFORE, Atigun, Inc., prays for relief against Premier Oilfield Equipment Company, Tiger Oilfield Tank Company, LLC, Hy-Tech Truck and Trailer Manufacturing, LLC and Gary Harms, Jr., jointly and severally, as follows:

a. For damages suffered by Atigun in the amount of the purchase price of the tanks.

b.  For damages suffered by Atigun in the amount of the lease price of the tanks.

c.  For damages suffered attempting to "cover" by purchasing substitute tanks, if possible.

d.  For an order rescinding the Atigun contract with Premier/Tiger/Hy-Tech and awarding damages to put Atigun in the position it would occupy had it not entered into such a contract.

e.  For consequential damages in the form of lost income from inability to rent the tanks.

f.  For consequential damages in the form of other delays, inspection costs and repairs to the tanks.

g.  For an award of punitive damages against Defendants, and each of them, in an amount to be determined at trial.

h.  For an award of three times Atigun's actual damages suffered as a result of Defendants' unfair trade practices.

i.  For an award of interest, costs and attorney fees.

j.  For such other and further relief as this Court finds just and proper in the circumstances.

Dated this 12th day of September, 2012 at Anchorage, Alaska.

LANDYE BENNETT BLUMSTEIN LLP
Attorneys for Plaintiff

_____
Robert H. Schmidt; ABA #9909048

_____
Bruce A. Moore; ABA #8611124

*Atigun v. Premier Oilfield Equipment Co., et al.*
Second Amended Complaint
Case No. 3KN-12-811 CI

Page 10 of 10